

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CATO JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:15CV676–HEH |
| ) | |
| STAFFORD COUNTY ) | |
| CIRCUIT COURT, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**
(Dismissing Petition for Writ of Mandamus)

Cato Johnson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil rights action he titles "Writ of Mandamus and/or Prohibitum" ("Petition," ECF No. 1). The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

## II.  SUMMARY OF PETITION AND PROCEDURAL HISTORY

In his Petition, Johnson states:[1]

    1) The Circuit Court of the County of Stafford, Virginia disproportionately sentenced me "Cato Johnson" to 19 years without factual or legal authority.
    2) All in the violation of my "Cato Johnson" United States of America, Commonwealth of Virginia, statutory and cases of law.
    3) This abridges my "Cato Johnson" Bill of Rights, federal and state. See USC, Bill of Rights, Amendments 1–9 corresponding sections of Virginia 1-. . . .
    4) The primary factual allegations are (1) counsel who was not of record, (2) lack of background information by now sentencing judge previously, (3) racist judge, (4) impatient judge, (5) sit-in judge with observance of rules of judicial conduct, (6) a judicial review inquiry commission complaint against the judge neither investigated nor addressed on the merits and, (7) long time dysfunction of the county court.
    5) This plaintiff requests a full and impartial hearing with issuance of the aforementioned writs.
    6) An expedited hearing and one emergency writ at least such as mandamus to require an appeal bond and requirement lower courts do their responsibilities and take whatever steps necessary to resolution of these matters.
    7) Awardance and/or appointment of an attorney and fees and costs and etc.

(Pet. 1–2.)

By Memorandum Order entered on June 17, 2016, the Court noted that "[g]iven the content of [Johnson's Petition], it is appropriate to give Petitioner the opportunity to pursue this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2254." (ECF No. 7, at 1 (citing *Rivenbark v. Virginia*, 305 F. App'x 144, 145 (4th Cir. 2008).) The Court informed Johnson that if he "wishe[d] to proceed pursuant to 28 U.S.C. § 2254, he must file a petition for a writ of habeas corpus on the proper forms." (*Id.*)

---

[1] The Court utilizes the pagination assigned to Johnson's Petition by the CM/ECF docketing system. The Court corrects the spelling and punctuation in quotations from Johnson's Petition.

The Court further informed Johnson, *inter alia*, that he could "also notify the Court that he wishes the action to proceed as labeled." (*Id.* at 2.)

The Court received Johnson's response on June 30, 2016. (ECF No. 8.) Johnson stated that he "[could] not proceed in the habeas corpus petition because [he has] yet to exhaust all of [his] state remedies for all of [his] claims in the courts (state)." (*Id.*) Johnson indicated that he "wish[ed] to proceed in this action as labeled . . . ." (*Id.*)

### III. ANALYSIS

Johnson seeks for this Court to direct the Circuit Court for Stafford County, Virginia, to issue an "appeal bond" and resolve various deficiencies Johnson believes affected his sentence. (Pet. 1–2.) This Court, however, lacks jurisdiction to grant mandamus relief against state courts. *See Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969); *Islam v. Va. Superior Court*, No. 3:07CV418, 2007 WL 3377884, at *1 (E.D. Va. Nov. 13, 2007) (citation omitted). Accordingly, Johnson's Petition will be dismissed.

### IV. CONCLUSION

Johnson's Petition (ECF No. 1) will be dismissed for lack of jurisdiction and as legally frivolous. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Sept. 19, 2016
Richmond, Virginia